Davis, C. J.
When the court charged the jury in this case, the petition, the answer and the reply were read to the jury and then the court said: ‘ ‘ This petition, and this answer and reply, constitute the pleadings in this case, gentlemen of the jury, which make up the issue, and from which you must try and determine the controversy between these parties. As the court has said to you, an issue is .an allegation of fact contained in one pleading of a party which is denied in the other.” This is all that was said to the jury in explication of the issues which it was the duty of the jury to decide, except the following, which was not spoken in connection with the language already quoted, and which appears in a paragraph by itself: * ‘ There can hardly be any question in your minds, gentlemen of the jury, at this stage of this trial, after hearing the several requests the court *589 gave you, and the argument of counsel, and the reading of these pleadings, that the issue in this case is negligence or want of ordinary care, complained of on part of the railroad and denied by the railroad company, and alleging contributory negligence on the part of the plaintiff, which resulted in this accident. ’ ’
The court thus left it to the jury to find out for itself what were the specific issues of fact as made up in the pleadings, and which it was the duty of the jury to decide from the evidence, under the instructions of the court. The court intimates to the jury tnat “the issue” is negligence “on the part of the railroad company” and contributory negligence “on the part of the plaintiff. ’ ’ There are, at least, three distinct issues as' to negligence by the railroad company charged in the petition. 1. That at the time of the plaintiff’s injury the defendant carelessly and negligently failed to erect gates or other barriers or keep a watchman at the crossing. 2. That the rear brakeman of the train signaled the engineer to go ahead, “Whereby the plaintiff was by the defendant carelessly and negligently deceived into believing that she might cross said crossing in safety.” 3. That the defendant knew that she was waiting to cross and would cross over said track as soon as the train pulled up, and while her attention was attracted to another approaching train, the defendant suddenly and negligently backed, the train which had pulled up, at a rapid rate of speed and without warning. The mere statement of these-issues shows that they were vital to the case, and could not fairly or lawfully be ignored under a statement that the issue was whether the railroad company was, in a general sense, negligent.
*590 The code of civil procedure carefully distinguishes issues of fact which may be tried by a jury and issues of law or fact which must be tried by the court. It is the imperative duty of the court to separate these and to definitely state to the jury those issues which are to be determined by it, accompanied by such instructions in regard to each as the nature of the case may require. A failure to do this necessarily leaves the jury to grope around through the technical and often verbose allegations of the pleadings to find the real points of controversy in the ease. "When there is but a single issue, which is tersely stated, this might not be prejudicial to the parties; but in almost every case there are intricacies which the jury, from lack of legal knowledge and experience, cannot unravel without the assistance of the court. The jury should be distinctly instructed by the court as to the facts material to the case, which are denied, and as to those which are admitted; and without this it cannot be expected that a jury trial will result in an intelligent verdict. ■
“The difficulty which even learned judges often encounter in defining the issues as joined in the pleadings is argument sufficient in support of the rule. It would not conduce to a full and fair trial, that jurors, inexperienced in such matters, were left to determine the issues from the pleadings.” 11 Ency. Pl. and Pr., 154
The court not only failed to perform its duty of stating the issues to the jury; but it also refused, on request of defendant for that purpose, to charge the jury that the jury should not consider any other negligence than that charged in the petition. This was another error. “Upon the trial the evidence should be confined to the acts of negligence so spe *591 cifically and definitely averred in the petition.” Railroad Co. v. Kistler, 66 Ohio St., 326, per Burket, J.
Several other errors' appear in this charge, hut, owing to the view of the case which is entertained by the majority of the court, they need not be mentioned here.
The majority are of the opinion that upon the admitted facts of the case and upon the plaintiff’s evidence the defendant is not shown to have been guilty of negligence proximately causing the plaintiff’s injury, and that, therefore, the court should have granted the motion of the defendant to direct a verdict for the defendant. The majority of the court are also of the opinion that the plaintiff’s own testimony raised a presumption of contributory negligence by her, which was not satisfactorily repelled, and that for that reason also the court should have directed a verdict for the defendant.
For all of these reasons the judgment of the circuit court and also the judgment of the court of common pleas are

Reversed and final judgment is rendered for the plaintiff in error.

Shauck, Crew and Summers, JJ., concur.
Price and Spear, JJ., concur in the syllabus, but not in the judgment.